## STATE ex KNAPKE v BOARD OF EDUCATION OF DARKE CO.

Ohio Appeals, 2nd Dist, Darke Co.

No. 568. Decided March 16, 1940.

T. A. Billingsley, Greenville, for Relator. Hugh A. Staley, Greenville, Prosecuting Attorney; Wilbur D. Spidel, Greenville; George Porter, Greenville, for Board of Education.

Thomas J. Herbert, Atty. Gen., Columbus, for E. N. Dietrich, Director of Education of State of Ohio.

### OPINION

BY THE COURT:

This is an original action in mandamus filed in this Court, for the purpose of having certain territory in Allen Township, Darke County, transferred to a contiguous school district in Mercer County.

It is alleged that on the 29th of May, 1939, relator with other residents of the territory presented to the Darke County Board of Education a petition asking it to transfer territory from that school district to the Mercer County school district under authority of §4696 GC; that the twenty-two electors signing the petition are more than 75% of the

electors residing in said territory sought to be transferred. Relator avers that without cause the Darke County Board of Education did, on the 1st day of June, 1939, decline the prayer of the petition and refused to order the transfer; that the Mercer County Board of Education. is willing to and has consented that said territory be transferred to the Mercer County school district. It is averred that the county board has failed to take any action, and that it has not adopted a form of reorganization for the year 1939.

The relator prays that an alternative writ be issued and that on final hearing a mandatory writ issue requiring the Darke County Board of Education and the director of the State of Ohio to make the transfer in accordance with the statute of the state.

An alternative writ was issued.

E. N. Dietrich, director of Education of the State of Ohio, filed an answer admitting and denying certain allegations and praying that he may be dismissed.

Separate answer was filed by the Board of Education of Darke County, setting up eight defenses:

1st defense: Making certain admissions and denying others.

2nd defense: Alleging that on the 1st day of June, 1939, there was filed with the county Board a petition at such a late date that the county Board did not have opportunity to revise the plan and adopt the same prior to June 1st, 1939.

3rd defense: That the teritory sought to be transferred is a part of Allen Township rural school district; that on the 10th of June the Board of Education of such district passed a resolution opposing the transfer and is still opposed.

4th defense: That the northern boundary of the territory sought to be transferred is Mercer County and the southern boundary is an irregular line so drawn as to include certain lands, the owners of which desire to be transferred, and to exclude lands of those not desiring to be transferred; that as a part of the southern boundary there

is a farm of 79 acres owned by Gerlach which is vacant on which there is now a school building belonging to the Board of Education of Allen Township; that said 79 acres are sought to be transferred merely for the purpose of taxation and for obtaining said school building; that immediately west of the Gerlach land there is a 78 acre tract which is not included in the petition and which leaves a narrow neck of land extending to the north and which would still be included in Darke County.

5th defense: That the territory sought to be transferred now constitutes a part of Allen Township school district; that in the territory is a school building belonging to that township, part of which was open for school purposes on the 14th day of April, 1939; that the transfer of the territory would divide the territory now comprising Allen Township rural school district and would take from such district valuable territory from which said district now receives taxes; that the transfer would not relieve the expense of operating the school of Allen Township and would materially cripple the school system of Darke County.

6th defense. That the petition was filed on the 1st day of June, 1939; that thereafter on the 1st day of June at a regular meeting a motion to transfer was submitted and lost by reason of having received a tie vote, and before the next regular meeting of the Board and before said Board had reasonable time to consider the petition this action was prematurely brought.

7th defense: That on two previous occasions the relator has brought mandamus actions against the county Board of Education in the Common Pleas Court of Darke County; that said actions consisted of a petition for a writ of mandamus involving the same parties and substantially the same territory, in each of which case the Court of Common Pleas quashed the alternative writ and refused to issue a peremptory writ by reason of which the questions raised herein are res judicata.

8th defense: That the petition was filed under authority of §4696 GC which

is alleged to be unconstitutional in that it is not of uniform operation throughout the state, and provides for transferring of school property from one county district to another county district without due process of law. Respondent prays that the alternative writ issued be quashed and the prayer for peremptory writ be denied.

A reply is filed to the second defense averring that the petition was filed on May 29, 1939.

For reply to the 3rd defense relator admits and denies certain matters. For reply to the 4th defense relator admits that there is a farm of 79 acres owned by Gerlach included in the territory which farm was at the filing of the petition vacant, but that Gerlach resides on other land included in the territory and as a part of their farming operation were at said time operating the 79 acres. All the allegations of the 5th defense are denied. For reply to the 6th defense relator denies that the petition was filed on June 1st, but avers that it was filed on May 29th; that on June 1st a motion made at a meeting of the Board to transfer the territory was lost by reason of a tie vote, two members voting for it, two against, and one refraining from voting. For reply to the 7th defense relator denies that the two cases filed in the Common Pleas Court involve the same property or the same territory and alleges that the issues involved in the present action are substantially different from those in the two cases mentioned. For reply to the 8th defense relator avers that §4696 GC has since the filing of the petition been held to be constitutional.

The parties made application for the taking of testimony which together with exhibits has been filed in this court.

We have read the testimony and examined the exhibits. There is much in the testimony that has no pertinency to the issues and which is largely devoted to the signers of the petition who are in favor of the transfer and to that of the members of the board who are opposed to the transfer. Much of the evidence is directed to the point as to whether or not the 79 acres in question are now vacant territory, it appearing that some of the owners are now residing thereon in rather temporary quarters.

There appears among the exhibits under date of June 9, 1939, a letter of advice by Hugh A. Staley, Prosecuting Attorney of Darke County to the Board of Education, calling attention to the case of **Adsmond v Board of Education, 135 Oh St 383,** from which the Prosecutor makes quotation and concludes that it is his opinion that if the petition satisfies the legal requirements it is the mandatory duty of the Board to make the transfer. He then cites the cases of **Matthews v Board of Education, 8 Oh Ap 206,** and **Heaton v Jackson, 34 Oh Ap 324,** in each of which cases the right to transfer vacant property is denied, and upon the authority of these two cases and on the opinion of Judge Mills the Prosecutor arrives at the conclusion that the location of the 79 acres of the Gerlach property on the southern boundary can be transferred only for tax purposes, and that since the Board of Education is without authority to make such transfer that the petition does not meet the legal requirements of §4696 GC in that it seeks to transfer a tract of vacant property which the Board does not have authority to transfer.

Without commenting in detail upon either of the two cases mentioned it is manifest upon reading them that they are not authority for the position taken by the Prosecutor; the facts were in no manner similar to those at bar and the denial of the transfer was made for very good reasons which do not attach to the case at bar.

There is also an exhibit of the two cases decided in the Court of Common Pleas of Darke County, which it is alleged constitute **res judicata.** We have examined the petitions in these cases and find that the territory described which is there sought to be transferred is not the same as the territory herein sought to be transferred, although both petitions cover some of the territory involved in this action.

One of the defenses is to the effect that §4696 GC is unconstitutional. There is no support for this claim. Counsel for relator sets up in his brief seven interrogatories. We have read his brief in support of his position and have arrived at the conclusion that all interrogatories should be answered in the negative.

The case of State ex Adsmond, decided by the Supreme Court May 10, 1939, 135 Oh St 383, opinion by Hart, J., covers all the matters in controversy here so completely that we can add nothing of value to it. The statutes in reference to transfer of school territory have been frequently amended but we are of the opinion that the following cases still have value in determination of the case:

State ex rel v County Board of Education, 97 Oh St 336.
County Board of Education of Paulding Co. v Bd. of Ed. Benton Township, 164 Oh St 1.
State ex rel v County Board of Ed. 122 Oh St 463.
State ex rel v Board of Ed. of Fulton County, 134 Oh St 280.

Very recently our court had before it a very similar case, being State ex Ray Apple v Members of the Board of Education of the Shelby County School District, Shelby County, Ohio. (31 Abs 62). While there are some factual differences in the instant case and the Shelby County case, yet they are not of such moment as to require a different holding. These differences in factual questions have been passed on in earlier pages of this opinion.

Counsel are familiar with these cases and it would be idle to comment upon them. However, we are of the opinion that the school term of 1939-40 having begun before this transfer was made, that it would be unwise to make the transfer until after the termination of the school year.

The prayer of the petition for a mandatory writ, requiring the Board of Directors to make the transfer to the Mercer County School District will be granted with the reservation that it shall not affect the present school term.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.